UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 5:03 pm, Sep 22, 2020

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SCOTT B. KING | Case No. 4:17cr097<br><br>ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)<br><br>(COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The medical records provided by the Bureau of Prisons confirm that King has been diagnosed with prostate cancer. There is no indication in the medical records that a medical professional has determined that this is a condition that meets the end-of-life trajectory required under U.S.S.G. § 1B1.13, application note 1(A)(i), or that it is otherwise terminal. Nevertheless, the Court is satisfied that, in combination with COVID-19, King has shown extraordinary and compelling reasons under 18 U.S.C. § 3582(c). The Court concludes, however, that the 18 U.S.C. § 3553(a) factors weigh in favor of denying King's motion and allowing him to serve the sentence imposed. The instant offense—being a felon in possession of a firearm--is not King's first serious offense. He has prior convictions for manslaughter; intimidation of a witness; violation of abuse prevention order; assault and battery; rape of a child with force and assault with a dangerous weapon; misdemeanor assault and battery; and failure to register as a sex offender. The rape conviction involved him forcing a fourteen-year-old babysitter at knife point to engage in oral sex and his threatening her if she told anyone. King has demonstrated he is capable of significant

violence. He has also shown that he is unable to comply with Court supervision and the law, having absconded from Massachusetts while on trial for his failure to register as a sex offender. The Court concludes that the safety of the community would be substantially at risk if King were released. Furthermore, to grant King compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law or the victims, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: September 22, 2020

_____
UNITED STATES DISTRICT JUDGE